*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. GK 19-01059-jtg |
| LARRY WAYNE FULLER, | Chapter 13 |
| Debtor. | Hon. John T. Gregg |
| / | |
| In re: | Case No. GK 20-02929-jtg |
| LARRY FULLER, | Chapter 13 |
| Debtor. | Hon. John T. Gregg |
| / | |

**OPINION AND ORDER EXTENDING BAR TO REFILING
AND IMPOSING MONETARY SANCTIONS**

This matter comes before the court on an order to show cause entered in the above-captioned bankruptcy cases (the "Order to Show Cause").[1]  In the Order to Show Cause, the court required Larry W. Fuller, the chapter 13 debtor (the "Debtor"), to explain why he should not be held in contempt and sanctioned for violating an order barring him from filing another bankruptcy case for a period of 540 days.[2]  For the following reasons, the court finds the Debtor to be in contempt.  Accordingly, the court shall further extend the bar to refiling and impose monetary sanctions.

---

[1]   The Order to Show Cause was entered at Dkt. No. 70 in Case No. 19-01059 ("*Fuller IV*") and Dkt. No. 25 in Case No. 20-02929 ("*Fuller V*").

[2]   The Order to Show Cause was served on the Debtor at the addresses on file with the court in *Fuller IV* and *Fuller V*.  The Debtor identified his address in *Fuller V* as 2602 Renaissance Center, 400 Renaissance Drive, Detroit, Michigan 38243, also known as the Marriot Hotel.  *See* Fed. R. Evid. 201.

## JURISDICTION

Notwithstanding the dismissal of *Fuller IV* and *Fuller V*, the court retains jurisdiction to consider the issue of contempt sanctions. *See Spradlin v. Richard*, 572 Fed. Appx. 420, 427-28 (6th Cir. 2014) (citations omitted). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

As a serial filer, the Debtor is no stranger to this court, having first sought relief under chapter 13 approximately three and a half years ago.[3] *See In re Fuller*, Case No. 17-02409 (Bankr. W.D. Mich.). After his first case was dismissed, the Debtor would go on to file three more bankruptcy cases, depleting countless resources of his creditors, the chapter 13 trustee, and this court. *See In re Fuller*, Case No. 17-03114 (Bankr. W.D. Mich.); *In re Fuller*, Case No. 18-00295 (Bankr. W.D. Mich.); *In re Fuller*, Case No. 19-01059 (Bankr. W.D. Mich.).[4] All of the Debtor's cases ended in dismissal prior to confirmation of any plan.

When *Fuller IV* was dismissed for the reasons set forth in a lengthy bench opinion, the court said "enough."[5] On June 5, 2019, the court entered an order dismissing *Fuller IV* and

---

[3]     The Debtor is also no stranger to other courts in the Sixth Circuit. *Fuller v. JPMorgan Chase Bank, N.A.*, 2019 WL 5586906 (W.D. Mich. Oct. 30, 2019), *appeal dismissed*, 2020 WL 4673339 (6th Cir. July 13, 2020); *Fuller v. Shell Point Mortg. Servicing*, 2017 WL 4326100 (W.D. Mich. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4285437 (W.D. Mich. Sept. 26, 2017). Indeed, at least eight federal judges (three judges on the circuit panel, two district court judges, one magistrate judge, and two bankruptcy judges) have been involved in the Debtor's bankruptcy cases and other civil actions during the last four years. The court won't begin to speculate as to how many state court judges have been involved in the Debtor's matters.

[4]     The court imposed a bar of 180-days on the Debtor in Case No. 18-00295. During the time that the Debtor was barred as a result of his conduct in Case No. 18-00295, he unsuccessfully attempted to frustrate the actions of his creditors by filing a chapter 11 case for a business that he and Christine Skandis controlled. *See In re Puttin' On the Ritz, LLC*, Case No. 18-03595 (Bankr. W.D. Mich.). The court dismissed that case less than one month after the petition date. Ms. Skandis has engaged in similar dilatory tactics involving many of the same creditors. One of her creditors has a pending motion requesting that this court direct the United States Marshal Service to apprehend Ms. Skandis under Fed. R. Bankr. P. 2005 for failure to participate in the meeting of creditors for over five months, among other things. *See In re Skandis*, Case No. 19-05319 (Bankr. W.D. Mich.).

[5]     The court need not recite the findings it made in its bench opinion. Rather, they are incorporated herein by reference, as are the findings in bench opinions dismissing the Debtor's other cases.

imposing, for the second time, a bar to refiling on the Debtor [Dkt. No. 54] (the "Dismissal Order").[6]  The Dismissal Order expressly stated that the Debtor is prohibited from filing another bankruptcy case "in the Western District of Michigan or any other District until November 26, 2020."

Notwithstanding such prohibition, the Debtor commenced *Fuller V* by filing a voluntary petition for relief in the Eastern District of Michigan on July 27, 2020.[7]  Less than two months later, the Bankruptcy Court for the Eastern District of Michigan dismissed *Fuller V*.  In its dismissal order, the Bankruptcy Court for the Eastern District of Michigan transferred venue of the dismissed but still open case so that the Bankruptcy Court for the Western District of Michigan "may determine if additional sanctions are warranted, including but not limited to a further bar to refiling. . . ."

On September 15, 2020, this court reopened *Fuller IV* and entered the Order to Show Cause in that case as well as *Fuller V*.  The Debtor was required to "show cause as to (i) whether or not the bar previously imposed in [*Fuller IV*] should be further extended, and (ii) whether additional sanctions for contempt are warranted. . . ."  The Order to Show Cause also directed the Debtor to file an explanation for his actions by no later than September 29, 2020 and appear at a hearing scheduled for October 6, 2020.  Although the Debtor did not file an explanation in advance of the hearing, Brett N. Rodgers, the chapter 13 trustee (the "Trustee"), did.[8]  He requests that the court extend the bar to refiling for another 365 days and impose monetary sanctions on the Debtor.

---

[6]     In the Dismissal Order, the court expressly retained jurisdiction over matters related to the dismissal of *Fuller IV*, including the bar to refiling.

[7]     When the Bankruptcy Court for the Eastern District of Michigan transferred venue of its Case No. 20-48106, the Clerk of the Bankruptcy Court for the Western District of Michigan ascribed to it Case No. 20-02929.

[8]     The Debtor did file a motion to "stay" in *Fuller V* only.  The court denied the motion in an order dated September 28, 2020.

On October 6, 2020, the court held a hearing on the Order to Show Cause, at which the Trustee, JPMorgan Chase, N.A. ("JPMC") and the United States Trustee (the "UST") appeared.[9] The Debtor did not appear, however.  At the conclusion of the hearing, the court took the matter under advisement.

Based on the representations of the parties during the hearing as well as the court's independent review of the dockets in *Fuller IV* and *Fuller V*, the court has little difficulty concluding that the Debtor is in contempt of court and should be sanctioned.

## DISCUSSION

"Bankruptcy courts have civil contempt powers" which "flow from section 105(a) and the inherent power of a court to enforce compliance with its lawful orders."  *In re City of Detroit, Michigan*, 614 B.R. 255, 264 (Bankr. E.D. Mich. 2020) (internal citations and quotations omitted). To hold a party in civil contempt, a court must generally find that (i) the party violated a "definite" and "specific" order requiring the party to perform or refrain from performing a particular act, or (ii) the party acted with knowledge of the order.  *See, e.g.*, *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (citation omitted).

In 2019, the United States Supreme Court examined the contempt standard to be applied when a violation of the discharge injunction is alleged.  *Taggart v. Lorenzen*, __U.S.__, 139 S. Ct. 1795 (2019).  The Bankruptcy Appellate Panel for the Sixth Circuit has concisely explained the standard in *Taggart* as follows:

---

[9]    The UST did not file a response.  *Contra Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (as the "watchdog," the UST is responsible for "protecting the public interest and ensuring bankruptcy cases are conducted according to law.") (internal citations and quotations omitted).  Consistent with Congress's design, the court looks to and relies on the UST to raise and pursue bankruptcy abuse.  In light of the extreme circumstances in these cases (including two previous bars to refiling), the court hoped that the UST might emerge as a meaningful participant leading up to and during the hearing on the Order to Show Cause.  Unfortunately, that did not happen.   While the court has great respect for the UST and its trial attorneys given their public service and overall dedication, this was not a marquee moment for the program.

> [A] creditor may only be held in civil contempt for violation of the discharge order "if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. . . [C]ivil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditors' conduct might be lawful. . ." In other words, there is no fair ground of doubt when the creditor violates a discharge injunction "based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope."

*Orlandi v. Leavitt Family Ltd. P'ship (In re Orlandi)*, 612 B.R. 372, 382 (B.A.P. 6th Cir. 2020) (citing *Taggart*, 139 S. Ct. at 1799) (emphasis in original).

Whether *Taggart* applies in contexts other than contempt for violation of the discharge injunction and whether a change in existing Sixth Circuit law occurred as a result of *Taggart* are subject to some debate. *See In re Kimball Hill, Inc.*, __B.R.__, 2020 WL 5834884, at \*7 (Bankr. N.D. Ill. Sept. 30, 2020) (collecting cases regarding applicability of *Taggart* to matters other than contempt for violation of discharge injunction). Regardless, the court is convinced that the Debtor is in contempt of court under both *Taggart* and pre-*Taggart* precedent in the Sixth Circuit. *See Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991) (citation omitted) (party moving for civil contempt bears burden of proof by clear and convincing evidence). The Dismissal Order expressly stated that the Debtor could not file another bankruptcy case in this District or any other. Yet the Debtor did so anyway by filing a petition in the Eastern District of Michigan prior to November 26, 2020.

Moreover, there can be no fair ground of doubt as to whether the filing of a petition in the Eastern District of Michigan violated the Dismissal Order. The Debtor was served with the Dismissal Order on June 5, 2019. *See Bratton v. The Yoder Co. (In re The Yoder Co.)*, 758 F.2d

1114, 1118 (6th Cir. 1985) (mailbox rule).  Two weeks after the entry of the Dismissal Order, the Debtor filed a motion to reconsider in *Fuller IV* in which he acknowledged the bar to refiling.[10]

Despite having knowledge of the refiling bar, the Debtor, on his own volition as evidenced by the voluntary petition, commenced *Fuller V*.  When the chapter 13 trustee in the Eastern District of Michigan filed a motion to dismiss *Fuller V* because the Debtor was subject to the bar imposed by the Dismissal Order, the Debtor did not take any remedial steps.  Instead, he pressed forward in *Fuller V*, further evidencing his intention to flout the Dismissal Order.  Hence, there can be no fair ground of doubt or objectively reasonable basis on the part of the Debtor.

Based on direct and circumstantial evidence, including the Debtor's egregious actions in his bankruptcy cases on the whole, the Debtor willfully violated the Dismissal Order.  This court further concludes that the Debtor did so in order to primarily and purposely forestall the rights of creditors, including JPMC.  The court also must infer that the Debtor was aware of the completely foreseeable effect on other parties in interest (*e.g.*, two chapter 13 trustees) who were forced to take action in response to the Debtor's prohibited filing.  Finally, it is quite clear that the Debtor did so without just cause or excuse, compounded by his failure to file any response to the Order to Show Cause or appear at the hearing on the same.

Sanctions are more than appropriate, as urged by the Trustee in his response brief, which the court found helpful and instructive.  The Debtor's defiance of the Dismissal Order demonstrates that he has absolutely no intention of complying with directives from this court.  The court shall therefore extend the bar to refiling until November 26, 2022.  The court shall also impose limited punitive sanctions by requiring the Debtor to pay $750.00 to Legal Aid of West

---

[10]     This court subsequently entered an order denying the motion to reconsider.  Neither that order nor the Dismissal Order was appealed.

Michigan.[11]  Finally, the court shall consider any separate requests from creditors and other parties in interest for compensatory damages arising from the Debtor's violation of the Dismissal Order.

## CONCLUSION

The Debtor is far from an honest but unfortunate debtor deserving relief under the Bankruptcy Code.  He has instead chosen to ignore orders of this court, taking him to the precipice of more severe sanctions, including criminal contempt.[12]  The court hopes the Debtor will rethink any future contemptuous acts with that in mind.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Debtor is prohibited from filing a bankruptcy case in the Western District of Michigan or any other district until November 26, 2022.

2.      Within fourteen (14) days from the entry of this Order, the Debtor shall pay as a punitive sanction the amount of $750.00 in immediately available funds to Legal Aid of West Michigan, Attn. Ms. Karen Tjapkes, Esq., 25 Division Avenue, S., Suite 300, Grand Rapids, Michigan 49503.

3.      Creditors and other parties in interest may file a short motion and proposed order, supported by an affidavit and any other relevant documentation, requesting compensatory damages within fourteen (14) days from the entry of this Order.  Any such motion shall be served on the

---

[11]      The Debtor seemingly has the resources to do so.  In his motion to "stay," *see supra* at n.8, the Debtor represented that he had made plan payments under 11 U.S.C. § 1326(a) in *Fuller V*. The Debtor maintains that the chapter 13 trustee is still in possession of those payments.  To the extent the chapter 13 trustee in the Eastern District of Michigan or the Trustee is holding such funds, they should be promptly returned to the Debtor after satisfaction of any administrative expenses absent a request to revisit a portion of the dismissal order entered in *Fuller V*.  *See* 11 U.S.C. § 1326(a)(2); *see also* 11 U.S.C. §349(b).

[12]      This court is without authority to impose criminal contempt sanctions on the Debtor.  *See, e.g*., *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1194-95 (9th Cir. 2003); *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1510 (5th Cir. 1990); *accord Adell v. John Richards Homes Bldg. Co., L.L.C. (In re John Richards Homes Bldg. Co., L.L.C.)*, 552 Fed. Appx. 401, 415-16 (6th Cir. 2013).  It can, however, refer matters to the United States District Court for the Western District of Michigan for such purpose, an action that the court is generally reluctant to take without a formal request from a party in interest such as the UST or some other form of advance notice to the contemnor.

Debtor by mailing a copy via first class mail, postage prepaid, to the addresses maintained by the Debtor in both of the above-captioned cases.

4.  In the event that a creditor or other party in interest files a motion pursuant to Paragraph 3 of this Order, the Debtor shall have fourteen (14) days to file a response and serve it on the moving party.  Absent a timely filed response, the court may consider the relief requested in any such motion without the need for a hearing.

5.  The court shall retain jurisdiction with respect to all matters arising from or relate to the implementation of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Elizabeth T. Clark, Esq., Michael P. Hogan, Esq., Dean E. Rietberg, Esq. and the creditor matrices maintained in the above-captioned cases.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order via first class mail, postage prepaid, on the following:

Mr. Larry Wayne Fuller
530 West South Street
Kalamazoo, MI  49007

Mr. Larry Fuller
2602 Renaissance Center
400 Renaissance Drive
Detroit, MI  48243

Matthew W. Cheney, Esq.
Office of the United States Trustee
The Ledyard Bldg., 2nd Floor
125 Ottawa Avenue, NW, Suite 200R
Grand Rapids, MI  49503

David Wm. Ruskin, Chapter 13 Trustee
Lisa K. Mullen, Esq.
Thomas D. Decarlo, Esq.
26555 Evergreen Road, Suite 1100
Southfield, MI  48076-4251

IT IS FURTHER ORDERED THAT the Clerk shall serve a copy of this Opinion and Order

via electronic mail on the Clerk of the Bankruptcy Court for the Eastern District of Michigan.

[END OF ORDER]

**Signed: October 7, 2020**





John T. Gregg
United States Bankruptcy Judge